EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL COLÓN, acusado y apelante.

No. 5378.—*Sometido:* Febrero 13, 1934. *Resuelto:* Febrero 21, 1934.

*González Fagundo & González Jr.*, abogados del apelante; *R. A. Gómez, Fiscal*, abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Rafael Colón fué condenado por tener para la venta café tostado y molido adulterado con un 43 por ciento de cereales y leguminosas. Ese café lo compró a Solivellas & Cía., Sucrs., y en el juicio trató de presentar, sin que se le admitiera, una garantía de la firma vendedora de que el café que le vende es puro. Su apelación se funda en que esa garantía debió ser admitida y que como consecuencia de ella debió ser absuelto.

■■■ La Ley No. 63 de 28 de abril de 1931 sobre alimentos y drogas dispone en su sección séptima lo siguiente:

"Ningún vendedor podrá ser procesado judicialmente, si presenta una garantía escrita y firmada por cualquier comerciante al por mayor, importador, agente, representante, distribuidor o manufacturero, en Puerto Rico o en los Estados Unidos, de los cuales se obtenga en compra el artículo aludido, haciéndose constar que no está adulterado o falsamente rotulado. Dicha garantía, para ofrecer la debida protección, deberá contener el nombre y la dirección completa de la persona o firma que hizo la transacción con el vendedor. En este caso el proceso judicial se instituirá contra la persona o firma responsable; *Disponiéndose,* que si en la serie de garantías que aparecieran entre las distintas personas o firmas que hicieron dicha transacción, resultara originalmente responsable una persona residente en Estados Unidos, el Comisionado de Sanidad preparará la evidencia documental y de testigos que demuestre este hecho y lo someterá por el trámite oficial ordinario a las autoridades federales para el proceso judicial correspondiente contra la persona o firma responsable en aquel país."

El documento de garantía que el apelante trató de presentar en el juicio dice así:

"TORREFACCIÓN DE CAFÉ HACIENDA, de Solivellas & Co., Sucrs. Garantía para venta de café tostado y molido.—Nosotros, Solivellas & Co., Sucrs., por la presente garantizamos que el café tostado y molido vendido al comerciante Rafael Colón no está adulterado ni falsamente rotulado dentro de lo que dispone la Ley de Alimentos y Drogas de P. R.—Solivellas & Co. Sucrs.—Firmante Solivellas & Co.

Sucrs.—Cargo que ocupa Torrefacción Dirección: Yauco, P. R.—Fecha 3 de enero de 1932."

No dice la ley que esa garantía debe ser hecha en documento público o firmada ante notario, pero no estando en esa forma su autenticidad debe probarse antes de que pueda ser admitida en juicio. La firma de Solivellas & Cía., Sucrs., debió ser reconocida por alguna persona que la conociera o viera cuando fué escrita por alguno de los gestores de esa compañía y eso no se hizo, pues la declaración en el juicio por el apelante de que está firmada la garantía por Solivellas & Cía. sin expresar si conoce la firma puesta en ella ni que vió cuando fué firmada no autentica dicha garantía. Además, esa garantía no cumple con la ley pues no contiene el nombre y la dirección completa de la persona o firma que hizo la transacción con el vendedor, ya que se limita a decir que la venta fué hecha a Rafael Colón, sin consignar su dirección completa. De otra parte, esa garantía tiene fecha muy anterior a la venta del café que resultó adulterado pues es de 3 de enero de 1932 y la compra que nos ocupa fué hecha el 6 de diciembre de ese año, momentos antes de ser ocupado el café por un inspector de Sanidad. No dice la ley que se entregue esa garantía con cada venta que se haga, ni tampoco que sea general para cualquier venta que se realice, pero si se hace en esta forma entonces entendemos que deberá expresarse que está garantizándose cualquier compra que haga determinado comprador para que éste quede garantizado, pues en la forma en que está la de este caso parece referirse a una venta hecha al apelante en 3 de enero de 1932 y no a cubrir la del 6 de diciembre de ese año.

*La sentencia apelada debe ser confirmada.*